**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Sergei Pozdniakov,

Petitioner,

v.

Luis Rosa, Jr., et al.,

Respondents.

No. CV-26-07596-PHX-JZB

**ORDER**

On October 16, 2026, Petitioner filed his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1.) In the Petition, Petitioner asserts that his current immigration detention violates the Due Process Clause of the Fifth Amendment. (*Id.*) Pursuant to General Order 26-09, Respondents were required to file a response within seven days. (Doc. 4.) On October 23, 2026, Respondents filed their Response, wherein they state:

> Respondents, through counsel, respond to the Petition for Writ of Habeas Corpus, (Doc. 1), and the Court's Order to Show Cause.
>
> Petitioner was ordered removed and the BIA dismissed their appeal, but Petitioner filed a Petition for Review (PFR) with the Ninth Circuit Court of Appeals and there is an active temporary Stay of Removal currently in place. Therefore, Petitioner's removal order is not yet final. "If an alien has filed a petition for review with this court and received a judicial stay of removal, the 'removal period' under § 1231(a) does not begin until this court 'denies the petition and withdraws the stay of removal.' Casas-Castrillon, 535 F.3d at 947 (quoting Prieto-Romero v. Clark, 534 F.3d 1053, 1059 (9th Cir. 2008)).
>
> However, Petitioner has been detained for at least two years without a bond hearing. As a result, the Government opposes release but does not oppose a bond hearing given Petitioner's prolonged detention.

(Doc. 6 at 1–2.)

Based upon Respondents' non-opposition and undersigned's individual review of the pleadings, the Court shall grant the Petition as to Petitioner's request for a ***constitutionally adequate*** bond hearing, or, in the alternative, immediate release from U.S. Department of Homeland Security ("DHS") custody.

To provide a constitutionally adequate bond hearing, Respondents must abide by the following provisions. **First**, at the bond hearing, the Government bears the burden of establishing by "clear and convincing evidence" that Petitioner is neither a danger nor a flight risk. *See Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011), *abrogated on other grounds*, *Jennings v. Rodriguez*, 583 U.S. 281 (2018); *see also Nola v. Dep't of Homeland Sec.*, No. 5:26-cv-02180-MBK, __ F. Supp. 3d __, 2026 U.S. Dist. LEXIS 106210, at *21–23 (C.D. Cal. May 13, 2026) (collecting cases placing burden on the Government).

**Second**, though the applicable regulations permit "[a] decision of the [IJ to] be rendered orally or in writing," 8 C.F.R. § 1003.37(a), the IJ nevertheless must provide a cogent and thorough decision in either written or oral form. To that end, should the IJ elect to render an oral decision, there must be a contemporaneous recording that is intelligible and clear. In addition, or alternatively, a contemporaneous transcript of the hearing may be produced.

**Third**, in either written or oral form, the IJ must give "reasoned consideration" of "potentially dispositive testimony and documentary evidence . . . submitted," regardless of whether that evidence supports the Government or Petitioner. *Cf. Cole v. Holder*, 659 F.3d 762, 772 (9th Cir. 2011); *Claros v. Albarran*, No. 25-cv-09473-EMC, 2026 U.S. Dist. LEXIS 183803, at *22 (N.D. Cal. Aug. 14, 2026) ("The IJ either did not consider this [probative] evidence or discounted it without explanation. This was an abuse of discretion."); *Pawan Kumar Singh v. LaRose*, No. 26-CV-1425 JLS (GC), 2026 U.S. Dist. LEXIS 109736, at *14–15 (S.D. Cal. May 18, 2026) ("The IJ's failure to consider the Guerra factors and reliance on evidence that bears little if any relevance to Petitioner's risk of flight, while seemingly ignoring all evidence in Petitioner's favor, constitutes a

misapplication of the legal standard to the facts. . . . [T]he IJ abused her discretion in failing to consider highly probative evidence relating to risk of flight and failing to apply the *Guerra* factors.") (cleaned up).

**Fourth**, "[i]n the event Petitioner is 'determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond,' the [IJ] should consider Petitioner's financial circumstances and alternative conditions of release." *See Liang Ding v. Noem*, No. 1:26-cv-01217-DJC-SCR, 2026 U.S. Dist. LEXIS 58212, at *7 (E.D. Cal. Mar. 19, 2026) (quoting *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017)).

Failure to abide by the abovementioned provisions may result in a violation of Petitioner's procedural due process rights. *Cf. Gimenez v. Hernandez*, No. 2:26-cv-00966-GJL, 2026 U.S. Dist. LEXIS 94446, at *22 (W.D. Wash. Apr. 29, 2026) ("[B]ond determinations must bear a rational relationship between the governing legal standards and the facts and evidence in a given case. Where those minimum requirements are not met, a resulting bond denial decision violates due process."); *Corona-Saldana v. Scott*, No. 2:26-cv-01347-TMC, 2026 U.S. Dist. LEXIS 120799, at *15 (W.D. Wash. June 1, 2026) ("In sum, the Court concludes that the IJ did not correctly apply the legal standard to a given set of facts[.] The IJ failed to provide a rationale for his finding of flight risk and failed to acknowledge, much less weigh, the ample evidence presented by Petitioner. By failing to accord Petitioner the process due to him, the IJ abused his discretion and violated Petitioner's Fifth Amendment rights.") (cleaned up); *Lopez v. Hernandez*, 830 F. Supp. 3d 1097, 1103 (W.D. Wash. 2026) (finding that where a "[c]ourt is left to speculate concerning how the [IJ] viewed the evidence in light of the applicable factors," the court "must conclude" that the IJ failed to view the evidence in light of the *Guerra* factors, "which constitutes an abuse of discretion").

Accordingly,

**IT IS ORDERED** that Petitioner's Petition for Writ of Habeas Corpus (doc. 1) is **GRANTED** to the extent discussed herein.

**IT IS FURTHER ORDERED** that Respondents shall provide Petitioner with a **CONSTITUTIONALLY ADEQUATE** individualized bond hearing—discussed in detail above—within **SEVEN (7) CALENDAR DAYS** or release Petitioner from custody under the same conditions that existed before Petitioner's detention within **SEVEN (7) CALENDAR DAYS**.

**IT IS FURTHER ORDERED** that at least **48 HOURS** before the scheduled hearing, Petitioner and his counsel shall receive notice of the hearing. Petitioner shall have the right to be represented by his counsel at the hearing. *See Shibeshi v. Rivas*, No. CV-26-02511-PHX-SHD, 2026 U.S. Dist. LEXIS 177731, at *2–3 (D. Ariz. Aug. 10, 2026) (requiring 48 hours' notice of bond hearing for petitioner and counsel); *see also Sandoval-Enciso v. Cantu*, No. CV-26-03726-PHX-DWL (CDB), 2026 U.S. Dist. LEXIS 180949, at *6 (D. Ariz. Aug. 13, 2026) (same).

**IT IS FURTHER ORDERED** that Respondents shall provide a notice of compliance within **THREE (3) DAYS** of releasing Petitioner or providing a bond hearing.

**IT IS FURTHER ORDERED** that any pending motions are denied as moot and any scheduled hearings in this action are vacated. The Clerk of Court is kindly directed to enter judgment in Petitioner's favor and close this case.

Dated this 23rd day of October, 2026.

Honorable John Z. Boyle
United States Magistrate Judge